UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------x

CRISTIAN ARMANDO ULICHNY PADILLA,

                    Plaintiffs,                 **MEMORANDUM & ORDER**
                                                   26-cv-3436 (EK)
          -against-

KEN GENALO, N.Y. Director, Field
Office, Enforcement and Removal
Operations. U.S. Immigration and
Customs Enforcement, et al.,

                    Defendants.

------------------------------------x
ERIC KOMITEE, United States District Judge:

          Cristian Armando Ulichny Padilla petitioned for a writ

of habeas corpus pursuant to 28 U.S.C. § 2241.  He argued that

he was wrongfully detained pending removal proceedings without

an individualized custody determination by Department of

Homeland ("DHS") Security officers.  ECF No. 1.  On June 9, this

Court directed the government to show cause why an initial

custody determination was not required under *da Cunha v. Freden*,

175 F.4th 61 (2d Cir. 2026), and 8 C.F.R. § 236.1(c)(8).

          The government has not yet responded, so it remains

unclear pursuant to what statutory authority petitioner is being

held.  In the meantime, petitioner has now moved for a temporary

restraining order enjoining respondents from transferring him

outside this District.  *See* ECF No. 9.  Petitioner's request is

denied.

A plaintiff seeking a temporary restraining order or a preliminary injunction "must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). The Second Circuit has held that the showing of irreparable harm is "the single most important prerequisite." *Yang v. Kosinski*, 960 F.3d 119, 128 (2d Cir. 2020).

It is too early to say whether petitioner is likely to succeed on the merits. Still, Petitioner has not demonstrated that he is likely to suffer irreparable harm. *First,* he argues that "the threatened transfer now risks undermining the very jurisdiction and judicial process" the Court's June 9 Order to Show Cause "was designed to protect" and that "the All Writs Act authorizes this Court to preserve its jurisdiction and prevent executive action that would frustrate effective habeas review." Pet.'s Ltr., ECF No. 9.

However, "when the Government moves a habeas petitioner after she properly files a petition naming her immediate custodian, the District Court retains jurisdiction and may direct the writ to any respondent within its jurisdiction who has legal authority to effectuate the prisoner's release." *Rumsfeld v. Padilla*, 542 U.S. 426, 441, (2004) (citing *Ex parte*

*Endo*, 323 U.S. 283 (1944)); *see generally* Brian R. Means, Federal Habeas Manual § 1:104 (2026) ("If a petitioner properly brings a habeas action in a particular district, then, for reasons not related to the petition, he is transferred to a district in another state while the petition is pending, the court in which the petition originally was filed retains personal jurisdiction and remains the appropriate venue."). If petitioner properly filed his petition in this district — and the Court has jurisdiction over DHS Secretary and defendant Markwayne Mullin — he faces no risk that his transfer would undermine the court's ability to render an adjudication on the merits of his claim.

*Second*, petitioner argues that he is likely to suffer irreparable harm because "[t]ransfer outside this District would substantially impair Petitioner's access to retained counsel, frustrate counsel's ability to confer confidentially and prepare the habeas matter, and risk converting this Court's review into a theoretical remedy after the executive has already altered the circumstances of confinement." Pet.'s Ltr.

But added distance — inconvenient as it may be — does not rise to the level of irreparable harm. *Cf. Pino v. Dalsheim*, 558 F. Supp. 673, 675 (S.D.N.Y. 1983) ("Several courts have noted that travel inconvenience of an attorney which normally results when a prisoner is transferred to a more

distant or remote facility does not reach the level of a constitutional violation.") (collecting examples).

Because he has not established irreparable harm, Petitioner's request for a TRO is denied. *See Reuters Ltd. v. United Press Int'l*, Inc., 903 F.2d 904, 907 (2d Cir. 1990) ("[T]he moving party must first demonstrate that such injury is likely before the other requirements for the issuance of an injunction will be considered.").

SO ORDERED.

   /s/ Eric Komitee
ERIC KOMITEE
United States District Judge

Dated:    June 17, 2026
          Brooklyn, New York

4